*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0258P (6th Cir.)
File Name: 02a0258p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

OAKLAND MEDICAL GROUP,
P.C., HAROLD MARGOLIS,
D.O.,
      *Plaintiffs-Appellants,*

      *v.*

SECRETARY OF HEALTH AND
HUMAN SERVICES, HEALTH
CARE FINANCING
ADMINISTRATION,
      *Defendant-Appellee.*

No. 01-1201

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 00-75271—John Corbett O'Meara, District Judge.

Submitted: June 13, 2002

Decided and Filed: June 21, 2002[*]

Before: MARTIN, Chief Circuit Judge; KEITH and
KENNEDY, Circuit Judges.

_____

[*]This decision was originally issued as an "unpublished decision" filed on June 21, 2002. On July 24, 2002, the court designated the opinion as one recommended for full-text publication.

1

———————————

**COUNSEL**

———————————

**ON BRIEF:**    Frederick B. Bellamy, Keith J. Soltis, VANDER MALE, BELLAMY, GILCHRIST, VANDE VUSSE & CAFFERTY, Detroit, Michigan, for Appellants. Barbara F. Altman, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Chicago, Illlinois, for Appellee.

———————————

**OPINION**

———————————

BOYCE F. MARTIN, JR., Chief Circuit Judge.  Oakland Medical Group, P.C., is a Michigan corporation that provides a range of medical services, including clinical laboratory services, at multiple locations.  Dr. Harold Margolis is an Oakland shareholder.  The Secretary of Health and Human Services, through the Health Care Financing Administration, revoked Oakland's certification to perform laboratory testing, thereby rendering Oakland ineligible to receive Medicare payments.  Before exhausting their administrative remedies, Oakland and Margolis brought a lawsuit in the Eastern District of Michigan (1) challenging the substance of the decision to revoke Oakland's certification and (2) claiming that the Secretary's failure to continue Medicare payments while Oakland sought review of the revocation decision violated the Due Process Clause of the Fifth Amendment. The district court dismissed their lawsuit for lack of subject matter jurisdiction.  We AFFIRM.

I.

The Clinical Laboratory Improvement Amendments of 1988, 42 U.S.C. § 263a, and implementing regulations, 42 C.F.R. Part 493, regulate all clinical laboratory services in the United States.  Only laboratories that have a valid laboratory

(additional citation and internal punctuation omitted). Second, "the risk of erroneous deprivation of provider status is quite manageable."  *Cathedral Rock*, 223 F.3d at 365 (quoting *Northlake*, 654 F.2d at 1242).    Finally, the government has a strong interest in expediting provider-termination procedures because: (1) "[t]he Secretary's responsibility for insuring the safety and care of elderly and disabled Medicare patients is of primary importance," and (2) "the government has a strong interest in minimizing the expenses of administering the Medicare program." *Cathedral Rock*, 223 F.3d at 365 (quoting *Northlake*, 654 F.2d at 1242).

Because Oakland does not have a due process right to a pre-termination hearing, plaintiffs do not state a colorable constitutional claim.

IV.

For the foregoing reasons, we AFFIRM the judgment of the district court.

benefits awarded in a post-deprivation hearing. *Matthews v. Eldridge*, 424 U.S. 319, 330-32, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *see also Cathedral Rock*, 223 F.3d at 361-62.

In *Cathedral Rock*, a nursing facility challenged the Secretary's determination that it was not in compliance with Medicare regulations and claimed that the Fifth Amendment's Due Process Clause mandated a hearing before the cancellation of its Medicare payment eligibility. This court found that the plaintiff's procedural due process claim was entirely collateral and, therefore, turned to the issue of whether the nursing facility made "a colorable claim that full relief would not be possible if it was awarded retroactive relief through a post-deprivation hearing." *Id.* at 364.

Relying on the factors articulated by the Supreme Court in *Eldridge* for determining whether procedural due process requires a pre-termination hearing, the *Cathedral Rock* court determined that the nursing facility did not state a cognizable due process claim. *See id.* at 365-66 (concluding that the nursing facility was not constitutionally entitled to a pre-termination hearing). The *Eldridge* factors are: (1) "the private interests that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of the additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Eldridge*, 424 U.S. at 335.

Application of the Eldridge factors here reaffirms the soundness of the *Cathedral Rock* decision: First, although the economic impact of canceling Medicare eligibility is significant, "a provider's financial need to be subsidized for the care of its Medicare patients is only incidental to the purpose and design of the [Medicare] program." *Cathedral Rock*, 223 F.3d at 364-65 (quoting *Northlake Community Hosp. v. United States*, 654 F.2d 1234, 1242 (7th Cir. 1981))

testing certificate under the 1988 Amendments may perform laboratory testing. 42 U.S.C. § 1395x(s)(16) (West 2002). Moreover, under the Medicare Act, a laboratory's certification under the 1988 Amendments is a precondition to its eligibility to receive Medicare payments for diagnostic testing. *See* 42 C.F.R. § 493.1842(a)(1) (West 2002); *see also* 42 U.S.C. § 1395w -2.

Through the Health Care Financing Administration, the Secretary of Health and Human Services may impose sanctions, including suspension of Medicare payments, on any laboratory that does not comply with the 1988 Amendments. 42 U.S.C. § 1395w-2.

Before canceling a laboratory's approval to receive Medicare payments, the Secretary provides written notice of the rationale for his action and the effective date. *See* 42 C.F.R. §493.1842(b) (West 2002). Moreover, the Secretary offers the laboratory an "[o]pportunity to submit written evidence or other information" that would argue against cancellation of its approval to receive Medicare payments. *Id.*

The regulations for the 1988 Amendments provide that a laboratory dissatisfied with a certificate revocation decision may appeal. *See* 42 C.F.R. § 493.1844(a)(3), (f)(2) (West 2002). Generally, such an appeal forestalls certificate revocation, which "is not effective until after a hearing decision by an Administrative Law Judge is issued." 42 C.F.R. § 493.1844(d)(2)(i); *see also* 42 C.F.R. § 493.1840(e)(1) (West 2002). A request for a hearing, however, does not delay withdrawal of approval for Medicare payments. 42 C.F.R. § 493.1842(b) ("This sanction may be imposed before the hearing that may be requested by a laboratory, in accordance with the appeals procedures set forth in §§ 493.1844."); 42 C.F.R. § 493.1844(d)(3).

## II.

Effective pursuant to an Administrative Law Judge decision on July 19, 2000, the Secretary revoked the laboratory testing certificate of one of Oakland's laboratories. After determining Oakland's ownership of the laboratory, the Secretary revoked the laboratory testing certificates of all the Oakland-owned laboratories. The Secretary also withdrew its Medicare payment approval for all Oakland-owned laboratories.

Before exhausting their administrative remedies, Oakland and Margolis filed a lawsuit in the Eastern District of Michigan to enjoin the Secretary from withdrawing Oakland's permission to receive Medicare payments. The district court dismissed the complaint for lack of subject matter jurisdiction.

## III.

We review *de novo* the district court's determination that it lacked subject matter jurisdiction over plaintiffs' claim. *See Agrawal v. Paul Revere Life Ins. Co.*, 205 F.3d 297, 299 (6th Cir. 2000).

## A.

Under the Medicare Act, an institution "dissatisfied with a determination by the Secretary [to cancel its eligibility to receive Medicare payments] . . . shall be entitled to a hearing thereon by the Secretary . . . and to judicial review of the Secretary's final decision after such hearing as is provided in section 405(g)." 42 U.S.C.A. § 1395cc(h)(1). Section 405(g) provides: "Any individual, after any final decision of the [Secretary] . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the [Secretary] may allow." 42 U.S.C.A. § 405(g) (West

2002) (incorporated into the Medicare Act pursuant to 42 U.S.C. § 1395ii).

The Medicare Act limits judicial review of the Secretary's decisions under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1346 (United States as defendant) to the methods articulated in section 405(g):

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C.A. § 405(h) (West 2002) (incorporated into the Medicare Act pursuant to 42 U.S.C. § 1395ii). Thus, section 405(h) "'channels most, if not all, Medicare claims through the special review system' of an administrative hearing and 'purports to make exclusive the judicial review method set forth in section 405(g).'" *Cathedral Rock of North College Hill, Inc. v. Shalala*, 223 F.3d 354, 358-59 (6th Cir. 2000) (quoting *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 8-9, 120 S.Ct. 1084, 146 L.Ed.2d 1 (2000)) (internal punctuation omitted).

Here, Oakland and Margolis challenge the Secretary's decision to cancel Oakland's eligibility for Medicare payments. Thus, absent an applicable exception, section 405(h) precludes the district court from exercising subject matter jurisdiction over their claim.

## B.

Section 405(g)'s exhaustion requirement may be waived where a plaintiff's claim is "entirely collateral" to his substantive claim of entitlement and he makes a colorable claim that he could not obtain full relief through retroactive